UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW ANTOINE CANADY, | Case No. 17-cv-0882-JNE-KMM |
| Petitioner, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Matthew Antoine Canady pleaded guilty in the United States District Court for the Southern District of Iowa to conspiracy to distribute at least fifty grams of cocaine base and was sentenced to 324 months in prison as a result.[1]  *See United States v. Canady*, 350 Fed. App'x 88, 88-89 (8th Cir. 2009) (per curiam).  His sentence was affirmed on direct appeal, and a motion for relief pursuant to 28 U.S.C. § 2255 was denied on the merits.  *See Canady v. United States*, No. 4:10-CV-0616-JAJ, ECF No. 2 (S.D. Iowa order denying relief January 4, 2011).

Mr. Canady — who is currently incarcerated that the Federal Medical Center in Rochester, Minnesota — now brings a petition for a writ of habeas corpus arguing that his conviction and sentence are unlawful.  *See* 28 U.S.C. § 2241.  The petition has

---

[1] Mr. Canady's sentence was later reduced to a 262-month term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Mr. Canady's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Based on that review, this Court recommends dismissal without prejudice of Mr. Canady's petition for lack of jurisdiction.

A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test

---

[2] Although Mr. Canady's habeas corpus petition is brought pursuant to § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals have set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred under § 2255(h), the provision restricting "second or successive" § 2255 motions. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present [his] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

The habeas corpus petition filed by Canady cannot be brought within the savings clause. Mr. Canady contends that his conviction for drug conspiracy is contrary to *Pinkerton v. United States*, 328 U.S. 640 (1946), but this argument could

-3-

have been raised on direct appeal or in the earlier § 2255 proceedings.[3] Nothing prevented Mr. Canady from pressing his claim under *Pinkerton* earlier, as *Pinkerton* is not a new rule of law only recently made available to prisoners convicted of drug conspiracy. Similarly, nothing prevented Mr. Canady from earlier contending that the factual findings regarding drug quantities made by the sentencing court were incorrect. Indeed, this specific issue appears to have been the subject of his direct appeal. *See Canady*, 350 Fed. App'x at 88-89. The exclusive-remedy rule of § 2255(e) therefore applies to this case, and Mr. Canady cannot raise his claims of error in a habeas corpus petition.

Accordingly, it is recommended that this matter be dismissed without prejudice for lack of jurisdiction. Mr. Canady's motions to supplement the petition [ECF Nos. 4 & 5] are granted, insofar as this Court has considered the arguments set forth in that motions before recommending dismissal. Conversely, Mr. Canady's motion for appointment of counsel [ECF No. 3] should be denied, as further exploration of Mr. Canady's claim by an attorney would be futile. Finally, because an application to

---

[3] The argument presented by Mr. Canady is also substantively foreclosed by the case law of the Eighth Circuit. *See United States v. Resinos*, 631 F.3d 886, 888 n.1 (8th Cir. 2011) (en banc and per curiam) ("In some cases, such as where the count of conviction includes a conspiracy to violate [21 U.S.C.] § 841(a), a district court may aggregate amounts attributable to the defendant over a long period of time."). Mr. Canady's sentence was within the statutory range for his offense and is, by all appearances, entirely lawful.

proceed *in forma pauperis* ("IFP") should be denied where a habeas corpus petition cannot be entertained, *see Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996), this Court also recommends that Mr. Canady's pending IFP application [ECF No. 2] be denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motions to supplement the petition for a writ of habeas corpus of petitioner Matthew Antoine Canady [ECF Nos. 4 & 5] are GRANTED.

## RECOMMENDATION

IT IS FURTHER RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Mr. Canady's motion for appointment of counsel [ECF No. 3] be DENIED.

3. Mr. Canady's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: May 5, 2017      *s/Katherine Menendez*
                        Katherine Menendez
                        United States Magistrate Judge

# **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.