UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MATTHEW ANTOINE CANADY,

    Petitioner,

v.                             Case No. 17-CV-882 (JNE/KMM)
                                  **ORDER**

UNITED STATES OF AMERICA,

    Respondent.

      This matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable Katherine Menendez, United States Magistrate Judge, on May 5, 2017. (Dkt. No. 7.) The R&R recommends, among other things, dismissing this action without prejudice because Petitioner Matthew Antoine Canady's petition under 28 U.S.C. § 2241 is barred by the exclusive-remedy rule within 28 U.S.C. § 2255(e), which requires petitioners to challenge their conviction or sentence under § 2255 unless the § 2255 remedy is "inadequate or ineffective." (*See id.* at 4.) The R&R reasons that this rule applies to Canady because nothing prevented him from making his § 2241 arguments in previous challenges to his sentence. (*See id.*) Canady objects to this conclusion and argues that his current arguments are based on *United States v. Resinos*, 631 F.3d 886, 888 (8th Cir. 2011), which issued after Canady's direct appeal and first § 2255 motion. (*See* Dkt. No. 12 at 1, 3.) Because of this, he contends that relief under § 2255 "is inadequate to test the legalities of his conviction and sentence." (*Id.* at 3.) In response, the Government asks the Court to adopt the R&R in its entirety. (*See* Dkt. No. 13.)

      After reviewing the R&R, Canady's objection, and the record, the Court agrees with the R&R's recommended disposition. *See* 28 U.S.C. § 636(b)(1). The petitioner bears the burden of showing that the § 2255 remedy is inadequate or effective. *Lopez-Lopez v. Sanders*, 590 F.3d

905, 907 (8th Cir. 2010). The § 2255 remedy is not inadequate or effective if the petitioner previously had "an unobstructed procedural opportunity to present his claim." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004). In addition, the § 2255 remedy is not inadequate or ineffective "merely because § 2255 relief has already been denied, or because [the] petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted). Accordingly, if the petitioner could have or actually raised an issue in an earlier § 2255 motion, then the petitioner cannot raise the issue again in a § 2241 petition, even if the petitioner is procedurally barred from again seeking relief under § 2255. *See Abdullah*, 392 F.3d at 963; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003).

As the R&R points out, Canady's § 2241 arguments appear to have been the subject of his direct appeal to the Eighth Circuit Court of Appeals. *See United States v. Canady*, 350 F. App'x 88, 88-89 (8th Cir. 2009) (affirming the sentence). He filed his first § 2255 motion in 2010, *see* Motion Under 28 U.S.C. § 2255, *Canady v. United States*, No. 4:10-CV-616 (JAJ), (S.D. Iowa Dec. 30, 2010), Dkt. No. 1, and his second § 2255 motion in 2012, *see* Motion to Vacate, *Canady v. United States*, No. 4:12-CV-59 (JAJ) (S.D. Iowa Feb. 7, 2012), Dkt. No. 1. Neither motion appears to have raised Canady's exact § 2241 arguments.

Even accepting, without deciding, that the decision in *Resinos* set forth a new interpretation of law in the Eighth Circuit applicable to Canady's case, *Resinos* relied on several other Circuit cases dating as far back as 1993, if not also the Supreme Court's decision in *Pinkerton v. United States,* 328 U.S. 640 (1946). *See* 631 F.3d at 888 & n.1. Canady could have presented arguments based on those cases in his first § 2255 motion. Canady also could have raised his § 2241 arguments in his second § 2255 motion, which he filed in 2012, after *Resinos*

2

was published, or in a request for authorization to file a second § 2255 motion. That his second motion was denied on procedural grounds for failure to obtain authorization, *see Canady v. United States*, No. 4:12-CV-59 (JAJ) (S.D. Iowa Feb. 8, 2017), does not render the § 2255 remedy inadequate or ineffective, *see Hill*, 349 F.3d at 1092. For these reasons, Canady has not shown that the § 2255 remedy is ineffective or inadequate in the circumstances of this case. *See id.* (concluding the same under similar circumstances); *see also Cotrell v. Warden*, 631 F. App'x 723, 726 (11th Cir. 2015) (unpublished) (affirming dismissal of a petition involving related claims and circumstances).

Therefore, IT IS ORDERED THAT:

1. Defendant Matthew Antoine Canady's Objection to the Report and Recommendation [Dkt. No. 12] is OVERRULED.

2. Defendant Matthew Antoine Canady's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE.

3. Defendant Matthew Antoine Canady's motion for appointment of counsel [Dkt. No. 3] is DENIED.

4. Defendant Matthew Antoine Canady's application to proceed in forma pauperis [Dkt. No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 12, 2017.  s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge